UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHASITY M. INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-305 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") filed by United States Magistrate Judge C. Clifford Shirley [Doc. 15]. Magistrate Judge Shirley found that the Commissioner's decision is supported by substantial evidence. Accordingly, the magistrate judge recommended that plaintiff's motion for summary judgment [Doc. 11] be denied and that defendant's motion for summary judgment [Doc. 13] be granted. Plaintiff filed objections to the magistrate judge's report and recommendation [Doc. 16]. Defendant has not filed a response to plaintiff's objections, and the time for doing so has passed. Fed. R. Civ. P. 72(b)(2).

**I.     Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636

(6th Cir. 1986). Although the Court is required to engage in *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment and previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. Further, the U. S. Court of Appeals for the Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II. Analysis**

Plaintiff's objections to the R&R [Doc. 16] repeat, almost verbatim, the arguments plaintiff made in her brief in support of her motion for summary judgment [*See* Doc. 12]. Accordingly, *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. The Court therefore does not consider plaintiff's arguments to be specific objections to the

2

R&R and it will not engage in a *de novo* review of the arguments. Further, because no other proper objection was timely filed, the Court will treat any other objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Magistrate Judge Shirley found that there is substantial evidence to support the Commissioner's decision. The Court has carefully reviewed this matter, including the transcript and underlying pleadings, and is in agreement with Magistrate Judge Shirley's recommendation, which the Court adopts and incorporates into its ruling.

## III. Conclusion

For the reasons explained herein, plaintiff's objections [Doc. 16] are **OVERRULED**, and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 15]. Plaintiff's motion for summary judgment [Doc. 11] will be **DENIED**, defendant's motion for summary judgment [Doc. 13] will be **GRANTED**, and the decision of defendant Commissioner denying plaintiff's application for supplemental security income benefits will be **AFFIRMED**. This case will be **DISMISSED** and an appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE